IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

2006 SEP -3 A 9: 24

LILLIAN FRIESON, Pro Se,
    Plaintiff

vs.

Case No. 2:06 CV 791-MEF

STATE OF FLORIDA,
DEP. OF HIGHWAY SAFETY & MOTOR
VEHICLES, and FLORIDA HIGHWAY
PATROL OFFICER JANE DOE unknown
BADGE NO. 0947-0821, JOHN DOE
unknown.
    Defendants.

## COMPLAINT
### Jurisdiction

The jurisdiction of this Court is involved under diversity of citizenship only. In this being an action authorized by law to redress the deprivation under color of State law, statute, discrimination, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to the Plaintiff by the First, Fourth, Fifth and Fourteenth Amendment to the Constitution of the United States.

### Parties

1. Plaintiff, LILLIAN FRIESON is a resident of Mobile County, Alabama.

2. Defendant, STATE OF FLORIDA, is the employer of Defendant, Jane Doe who name is unknown at this time, badge no. 0947-0821, and Defendant, John Doe, who name is unknown at this time.

3. Defendant, Dept. of Highway Safety & Motor Vehicle, is an agency of the State of Florida, and it the employer of Defendants Jane Doe, and John Doe.

4. Defendant, FLORIDA HIGHWAY PATROL, is an agency of the State of Florida, and is employer of Defendants, Jane Doe, and John Doe.

5. Defendant, Jane Doe (name unknown at this time), is an Pensacola Florida Highway Patrol Officer, is employed by the State of Florida and the Dept. of Highway Safety & Motor Vehicle, and is a resident of Escambia County, Florida.

6. Defendant, John Doe (name unknown at this time), is an Pensacola Florida Highway Patrol Officer, is employed by the State of Florida and the Dept. of Highway Safety & Motor Vehicle, and is a resident of Escambia County, Florida.

## Statement of Facts

On or about September 4, 2002 upon a public road to - wit, on U.S. Alt 90 at the intersection at Pine Forest Road in Pensacola Florida Escambia County, while stopped, waiting for a traffic light to turn green, Richard N. Smith and Eloise M. Smith negligently caused or allowed a motor vehicle owned by him and / or Eloise M. Smith, of which Richard N. Smith who had been drinking alcohol (by smell, slurring speech, staggering) that caused an accident striking Plaintiff (Lillian Frieson) in the rear sending one person (Mr. Lowe) in her car to the Hospital. Plaintiff Lillian Frieson, Mr. Lowe, Paramedic, and Florida Highway Patrol Officers (Jane Doe, John Doe) notice immediately that Richard N. Smith was under the influence of alcohol. The Florida Highway Patrol Officer stated that she cannot gage the amount of alcohol by smell that she will have to give Mr. Smith a sobriety test. Plaintiff Lillian Frieson gave the Florida hwy. Patrol a description of the accident, and Richard N. Smith stated that the traffic was moving, Plaintiff tried to tell the

Florida State hwy Patrol officer that the traffic had stopped waiting for the light to change to green, the older Patrol officer (John Doe) told Plaintiff to shut - up (in a treating way). After maybe two week Plaintiff received a copy of the traffic ticket, the narrative was written the way Richard N. Smith described it (who was drunk), and also on the ticket Richard N. Smith wasn't given a sobriety test. Plaintiff feel she was discriminated against, the Smith's is white, and the Plaintiff, her passenger is black.

Plaintiff asserts Defendants violated her constitutional right to due process of law (Fifth Amendment), First Amendment (freedom of speech), Fourteenth Amendment (equal protection under law), and etc. Plaintiff asserts the State of Florida, Dept. of highway Safety & Motor Vehicles, and Florida Hwy Patrol are liable because they failed to adequately train Defendants, Jane Doe (name unknown), and John Doe (name unknown) to enforce the law. The State failure to train may fairly be said to represent a policy for which the government entity is responsible, and for which it may be held liable where injury resulted, in the light of the duties assigned to specific officers or employees, the need for more different training is so obvious (officers don't give a sobriety test when there is a accident, one person is sent to the hospital, what more can I say), and the inadequacy so likely to result in the violation of Plaintiff Constitutional Rights, that the government entity's policymakers can reasonably be made liable.

The State entity is subject to liability under 42 U.S.C. Section 1983 for violating another person's federally protected rights where the action that is alleged to be unconstitutional, discriminating implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the two Patrol officers.

Governmental entities may be sued for constitutional deprivation inflicted pursuant

to governmental custom even though such a custom has not received formal approval through the body's official decision. Plaintiff asserts Defendants failure to adequately train Defendants Jane Doe (name unknown) and John Doe (name unknown) as to how to properly handle administer the law equally, inadequate training, proximately inflicted Plaintiff injuries in recovering her lost. See exhibit A section 1 code 5 plus narrative.

WHEREFORE, Plaintiff Lillian Frieson demands judgment against Defendants State of Florida, Dept. of Highway Safety & Motor Vehicle, Florida Highway Patrol Jane Doe (name unknown), and John Doe (name unknown) in the amount of TWO MILLION DOLLARS ($2,000,000.00) plus interest and the cost of this action.

Respectfully submitted,

Lillian Frieson
P.O. Box 794
Monroeville, AL. 36461
251-743-2544

Defendants can be served as follows:

State of Florida
Attorney Generals' Office
Judicial Center
190 Governmental Center
Pensacola, FL. 32502

Dept. of Highway safety & Motor Vehicle
100 Stumpfield Road
Pensacola, FL. 32502

Florida Highway Patrol
150 W. Stumpfield Road
Pensacola, FL. 32502