IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LILLIAN FRIESON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV791-MEF |
| | ) | |
| STATE OF FLORIDA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Lillian Frieson, proceeding *pro se*, brings this action against the State of Florida, the Florida Department of Highway Safety & Motor Vehicles, the Florida Highway Patrol, and two unnamed defendants, Officer Jane Doe and Officer John Doe, both "Pensacola Florida Highway Patrol Officer[s]." This action arises from a motor vehicle accident which occurred in Escambia County, Florida, on September 4, 2002. Plaintiff asserts that the defendant officers, who responded to the accident, violated her rights under the First, Fifth, and Fourteenth Amendments of the United States Constitution by: (1) telling plaintiff to "shut up"; and (2) failing to conduct a field sobriety test on the driver of the other vehicle, who was then under the influence of alcohol. Plaintiff contends that the officers discriminated against her because of her race. She alleges that the State of Florida and the two state agencies – Department of Highway Safety & Motor Vehicles and the Florida Highway Patrol – are liable as the employers of the defendant officers because of their failure to train the officers and because the action of the officers implements a governmental custom or policy. Plaintiff seeks an award of damages in the amount of $2,000,000.00, plus interest

and costs.

Plaintiff's claims against the State of Florida, the Florida Department of Highway Safety & Motor Vehicles, and the Florida Highway Patrol are barred by the Eleventh Amendment. "The Eleventh Amendment renders the States immune from 'any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" Tennessee v. Lane, 541 U.S. 509, 517, 124 S.Ct. 1978, 1985 (2004). The state's Eleventh Amendment immunity extends to agents and instrumentalities acting as an "arm of the state." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). Plaintiff does not indicate whether she sues the officers in their official capacities. To the extent that she does, however, the officers in their official capacities are legally the same entities as the offices they represent – *i.e.*, the State of Florida and the defendant state agencies. See Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989)("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.")(citations omitted).

Courts have recognized three exceptions to Eleventh Amendment immunity: (1) where a state has expressly waived its immunity; (2) where Congress has abrogated the immunity pursuant to section five of the fourteenth amendment; and (3) where prospective injunctive relief is sought in a suit challenging the constitutionality of a state official's action. Carr v. City of Florence, 916 F.2d 1521, 1524 n. 2, 1524-25 (11th Cir. 1990)(citing Atascadero State

Hospital v. Scanlon, 473 U.S. 234, 238 (1985) and Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100, 102 (1984)).

Plaintiff brings federal constitutional claims pursuant to 42 U.S.C. § 1983. The State of Florida has not waived its Eleventh Amendment immunity, nor has Congress abrogated that immunity in § 1983 cases. Williams v. Robbins, 2005 WL 2714501 (11th Cir. Oct. 24, 2005)(citing Gamble v. Florida Department of Health and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986) and Schopler v. Bliss, 903 F.2d 1373, 1379 n. 4 (11th Cir. 1990)). Plaintiff does not seek injunctive relief. Accordingly, the State of Florida, the two state agencies, and the officers in their official capacities are immune from liability on plaintiff's claims. Thus, as to these defendants, dismissal of the plaintiff's claims prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Additionally, it is apparent that venue does not lie in this district. The applicable venue statute provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

28 U.S.C. §1391(b).

None of the defendants reside in this district, so plaintiff cannot rely on 28 U.S.C. § 1391(b)(1) to establish that venue is proper here.  Additionally, venue is proper under § 1391(b)(3) in "a judicial district in which any defendant may be found," only "if there is no district in which the action may otherwise be brought."  Plaintiff alleges that both of the unnamed officers are residents of Escambia County, Florida.  However, even assuming that any defendant "may be found" in this district, venue will lie in this district under § 1391(b)(3) only if there is no other district in which venue is proper.  28 U.S.C. § 1391(b)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  According to the complaint, the events and omissions giving rise to plaintiff's claims all occurred in Escambia County, Florida, within the Northern District of Florida.  <u>See</u> 28 U.S.C. § 89(a).  Since this action may be brought in the Northern District of Florida, plaintiff cannot rely on § 1391(b)(3) to establish venue in this district.[2]

Upon consideration of plaintiff's motion to proceed *in forma pauperis* (Doc. # 2), it is ORDERED that the motion is GRANTED.

Additionally, it is  the RECOMMENDATION of the Magistrate Judge that: (1) plaintiff's claims against the State of Florida, the Florida Department of Highway Safety

---

[2] This district has no connection to this action. The plaintiff resides in the Southern District of Alabama.

& Motor Vehicles, the Florida Highway Patrol, and defendants Jane Doe and John Doe in their official capacities be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B), as the claims are barred by the Eleventh Amendment;[3] and (2) that this action be TRANSFERRED to the United States District Court for the Northern District of Florida, the only court in which venue is proper.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation on or before September 22, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144,

---

[3] The court concludes that it is inappropriate to dismiss the unnamed officers, in their individual capacities, as "fictitious parties" at this time. See Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992)("Under the circumstances in this case, Dean should have been allowed to add 'Chief Deputy of the Jefferson County Jail John Doe' as a defendant."). However, plaintiff is advised that the Clerk of Court cannot serve these parties with the summons and complaint unless and until plaintiff amends the complaint to identify them by name and provides addresses for service. Plaintiff's failure to do so in a timely manner may result in dismissal of this action.

1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 8th day of September, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE